UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HO KAI TAM (A 46-157-614),

               Petitioner,

v.                                 **DECISION AND ORDER**
                                          05-CV-473S

DEPARTMENT OF HOMELAND SECURITY,

               Respondent.

## I. INTRODUCTION

On July 7, 2005, pro se Petitioner Ho Kai Tam filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]  Presently before this Court is Respondent Department of Homeland Security's Motion to Dismiss Petitioner's petition.[2]  For the reasons discussed below, Respondent's motion is granted and Petitioner's nationality/citizenship claim will be transferred to the United States Court of Appeals for the Second Circuit, where jurisdiction is proper.

## II. BACKGROUND

**A.  Facts**

The pertinent facts are undisputed.  Petitioner is a native and citizen of Hong Kong.

---

[1] Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  As Petitioner is proceeding pro se, this Court has reviewed his submissions and arguments accordingly.

[2] In response to Petitioner's petition and in support of its Motion to Dismiss, Respondent filed the following documents: an Answer and Return, the Declaration of Pamela J. Korzak, with attached exhibits, and a memorandum of law.  In opposition to Respondent's motion, Petitioner filed a memorandum of law.

(Administrative Record ("A.R.") 8.[3])  Petitioner entered the United States as a lawful permanent resident on or about July 2, 1996.  (A.R. 8.)   On May 27, 2004, Petitioner pled guilty to committing mail fraud in violation of 18 U.S.C. § 1341.  (A.R. 38-54.)  He was sentenced to a 3-month term of imprisonment on September 24, 2004.  (A.R. 39.)  Based on this criminal conviction, the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"), initiated removal proceedings against Petitioner.  (A.R. 3-7.)

On December 17, 2004, ICE served Petitioner with a Notice to Appear.  (A.R. 3-7.) Therein, Petitioner was charged as removable from the United States based on his conviction for an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).  (A.R. 5.)  On or about December 23, 2004, Petitioner was taken into custody pending the outcome of his removal proceedings.  (A.R. 2.)

On or about July 11, 2005, an Immigration Judge ordered Petitioner removed from the United States to Hong Kong based on the charges in the Notice to Appear.  (A.R. 1.) Petitioner did not file an appeal of the Immigration Judge's decision within the allotted 30-day time period for appeals.  (Korzak Decl., ¶ 12.)  Consequently, the Immigration Judge's July 11, 2005 Order of Removal is the final order of removal in this case.  See 8 C.F.R. § 241.1; 8 C.F.R. § 1241.1(c).

It appears as though Petitioner asserted that he was a national or citizen of this country when he appeared before the Immigration Judge.  (A.R. 8.)  On or about January 4, 2003, Petitioner filed an Application for Naturalization with the Department of Homeland

---

[3]The administrative record is attached to the Korzak Declaration as Exhibit A.

Security, United States Citizenship and Immigration Services ("CIS"). (Petition, Exhibit A.) On June 3, 2005, prior to the Immigration Judge's Order of Removal, CIS denied Petitioner's application for citizenship. (A.R. 23.)

### III.  DISCUSSION

In his petition, Petitioner challenges his continued detention and asserts that he is a national or citizen of the United States. He seeks release from custody and a declaratory judgment.

**A.  Petitioner's Continued Detention**

Generally, the government has ninety days after the entry of a final order of removal in which to effectuate an alien's removal from the United States. See 8 U.S.C. § 1231(a)(1)(A); see also 8 U.S.C. § 1231(a)(1)(B) (defining the beginning of the removal period). This 90-day period is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). In the case of a criminal alien, detention during the removal period is required by 8 U.S.C. § 1231(a)(2).

In addition, criminal aliens may be detained beyond the removal period for such time as is reasonably necessary to accomplish their removal from the United States. Zadvydas v. Davis, 533 U.S. 678, 699-701, 121 S.Ct. 2491, 2503-05, 150 L.Ed.2d 653 (2001); Pan v. Ashcroft, No. 04-CV-6434, 2005 WL 1398601, at *4-*6 (W.D.N.Y. 2005) (discussing Zadvydas); 8 U.S.C. § 1231(a)(6). In Zadvydas, the Supreme Court determined that a period of six months beyond the removal period is presumptively reasonable. 533 U.S. at 701. An alien may challenge his continued detention beyond this 6-month period by setting forth good reason to believe that there is no significant likelihood of his removal in the

reasonably foreseeable future. Id. at 699-701. It is then the government's burden to come forth with evidence sufficient to rebut the alien's showing. Id. Importantly, the Court noted that release after the 6-month period is not necessarily required. Rather, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

This case does not require an analysis of whether Petitioner will be repatriated in the reasonably foreseeable future because Petitioner's period of confinement has not yet exceeded that deemed presumptively reasonable by the Supreme Court.[4] The Immigration Judge ordered Petitioner removed on July 11, 2005. (A.R. 1). Petitioner did not appeal the Immigration Judge's decision, which rendered it the final order of removal as of August 10, 2005. See 8 C.F.R. § 241.1; 8 C.F.R. § 1241.1(c). Petitioner's 90-day removal period therefore expired on November 8, 2005. See 8 U.S.C. § 1231(a)(1)(B)(I). Because he is a criminal alien, Petitioner's continued detention is authorized pursuant to 8 U.S.C. § 1231(a)(6) and is presumptively reasonable under Zadvydas until May 8, 2006, which is the final day of the 6-month time period. Accordingly, Petitioner's challenge to his continued detention fails.

**B.    Petitioner's United States Nationality/Citizenship Claim**

As he did before the Immigration Judge, Petitioner maintains that he is a national or citizen of this country and is therefore not removable. Respondent argues that this

---

[4]This Court notes, however, that Respondent has commenced efforts to obtain the necessary travel documents from the Chinese Consulate to repatriate Petitioner to Hong Kong. (Korzak Decl., ¶¶ 13, 14.) Although Respondent notes that securing travel documents for China often takes a lengthy period of time, Respondent has successfully obtained such documents in the past and expects that Petitioner will be removed to Hong Kong in the foreseeable future. (Korzak Decl., ¶¶ 15-16.)

Court lacks jurisdiction over this claim, and in any event, Petitioner does not qualify for United States citizenship due to his criminal conviction.

District courts retain jurisdiction under 28 U.S.C. § 2241 to review challenges to detention pending removal pursuant to a final order of removal in cases brought by criminal aliens.  See INS v. St. Cyr, 533 U.S. 289, 314, 121 S.Ct. 2271, 2287, 150 L.Ed.2d 347 (2001); Calcano-Martinez v. INS, 533 U.S. 348, 351-52, 121 S.Ct. 2268, 2270, 150 L.Ed.2d 392 (2001).  However, "review of nationality claims in the context of removal orders must occur, in the first instance, in the court of appeals."  Fairweather v. Ashcroft, No. 03 CV 0210 NG, 2003 WL 21196839, at *1 (E.D.N.Y. May 14, 2003); see Langhorne v. Ashcroft, 377 F.3d 175, 177 (2d Cir. 2004); 8 U.S.C. § 1252(b)(5).  Congress explicitly set forth the avenue for review of nationality claims in the statutory scheme governing judicial review of removal orders, which provides as follows:

> (5) Treatment of nationality claims
>
> (A) Court determination if no issue of fact
> If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.
>
> (B) Transfer if issue of fact
> If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.
>
> (C) Limitation on determination

> The petitioner may have such nationality claim decided only as provided in this paragraph.

8 U.S.C. § 1252(b)(5).

Accordingly, "[t]he sole and exclusive avenue for review of a claim of nationality is by direct petition for review to the [circuit court]." Alvarez-Garcia v. INS, 234 F.Supp.2d 283, 289-290 (S.D.N.Y. 2002); see also Cartagena-Paulino v. Reno, No. 00 Civ. 2371, 2003 WL 21436224, at *3 (S.D.N.Y. June 20, 2003). This holds equally true for nationality claims brought in the context of a petition for writ of habeas corpus. See, e.g., Fairweather, 2003 WL 21196839, at *1 (transferring nationality claim brought in a habeas petition to circuit court); Marquez-Almanzar v. Ashcroft, No. 03 Civ. 1601, 2003 WL 21283418, at *2-*6 (S.D.N.Y. June 3, 2003) (transferring habeas petition containing nationality claim to circuit court). "Thus, criminal aliens, such as petitioner, are required to bring petitions for review of citizenship and nationality claims in the courts of appeals."[5] Alvarez-Garcia, 234 F.Supp.2d at 290.

When faced with citizenship or nationality claims mistakenly brought in the district court, it is proper for the district court to dismiss the claim for lack of jurisdiction, and then transfer the case to the proper circuit court pursuant to 28 U.S.C. § 1631.[6] See Marquez-

---

[5] Upon receipt of the petition, the circuit court will review the pleadings and affidavits and determine whether issues of material fact are present. 8 U.S.C. § 1252(b)(5)(A). If there is an absence of material issues of fact, the circuit court will decide the nationality claim itself; if the circuit court finds such issues present, it will transfer the action to the district court for resolution. 8 U.S.C. § 1252(b)(5).

[6] Twenty-eight U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could

Almanzar, 2003 WL 21283418, at *2 (collecting cases).  This Court finds such a course of action appropriate, and will therefore transfer Petitioner's claim that he is a national or citizen of the United States to the Second Circuit Court of Appeals in the interest of justice.

**C.      Petitioner's Declaratory Judgment Claim**

Petitioner seeks a declaratory judgment pursuant to 8 U.S.C. § 1503(a) declaring that  he is a national of the United States.  That section provides as follows:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, *except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding.* An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

8 U.S.C. § 1503(a) (emphasis added).

Because Petitioner's claim that he is a national or citizen of the United States arose within his removal proceeding and remains an issue in his removal proceeding, 8 U.S.C.

---

have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

§ 1503 does not apply. Petitioner's request is therefore denied.

## IV.  CONCLUSION

Consistent with this Decision and Order, Respondent's Motion to Dismiss the petition is granted. Petitioner's claim that he is a citizen or national of the United States will be transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

## V.  ORDERS

IT HEREBY IS ORDERED, that Respondent's Motion to Dismiss (Docket No. 4) is GRANTED.

FURTHER, that Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) be transferred to the United States Court of Appeals for the Second Circuit for review of Petitioner's claim that he is a national or citizen of the United States.

FURTHER, that Petitioner's Request for a Declaratory Judgment pursuant to 8 U.S.C. § 1503 is DENIED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: March 27, 2006
      Buffalo, New York

      /s/William M. Skretny
      WILLIAM M. SKRETNY
      United States District Judge