UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HO KAI TAM (A 46-157-614),

                Petitioner,

v.                                                                                    **DECISION AND ORDER**
                                                                                               05-CV-473S

DEPARTMENT OF HOMELAND SECURITY (BICE),
*U.S. Immigration & Customs Enforcement*,

                Respondent.

## I. INTRODUCTION

On July 7, 2005, pro se[1] Petitioner Ho Kai Tam filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention pending ongoing removal proceedings against him.[2] (Docket No. 1.) Petitioner sought release from custody and a declaration that he is a national of the United States.

On March 28, 2006, this Court dismissed Petitioner's challenge to his continued detention, denied his request for a declaration that he is a national of the United States, and transferred his nationality claim to the United States Court of Appeals for the Second Circuit pursuant to 8 U.S.C. § 1252 (b)(5). (Docket No. 6.)

On February 19, 2009, the Second Circuit denied Petitioner's nationality claim and

---

[1] Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). As Petitioner is proceeding pro se, this Court has reviewed his submissions and arguments accordingly.

[2] In response to the petition, Respondent filed a Motion to Dismiss and an Answer and Return, along with the Declaration of Pamela J. Korzak, with attached exhibits. After remand, Respondent filed a memorandum of law and the Declaration of Christina M. Bonnette, with attached exhibits. Petitioner failed to file a reply to Respondent's post-appeal submissions.

transferred the case back to this Court for consideration of Petitioner's claim — first raised in Petitioner's appellate brief — that the former Immigration and Naturalization Service ("INS") improperly delayed adjudication of his nationality claim. The Second Circuit's Mandate was filed in this Court on June 2, 2009. (Docket No. 9.)

For the reasons stated below, Petitioner's remaining claim is dismissed and the Petition is denied in its entirety.

## II. BACKGROUND

**A.   Facts**

The pertinent facts are undisputed. Petitioner is a native and citizen of Hong Kong. (Administrative Record ("A.R.") 8.[3]) He entered the United States as a lawful permanent resident on or about July 2, 1996. (A.R. 8.)

On December 31, 2002, the government filed a criminal complaint against Petitioner, charging him with mail fraud in violation of 18 U.S.C. § 1341. (Declaration of Christina M. Bonnette ("Bonnette Decl."), Docket No. 12, ¶ 6.)

On January 1, 2003, Petitioner signed a completed Application for Naturalization (N-400). (Bonnette Decl., ¶ 7.) Two days later, on January 3, 2003, he was arrested on the mail fraud charge. (Bonnette Decl., ¶ 8.) The next day, January 4, 2003, the INS Vermont Service Center received Petitioner's N-400 Application for Naturalization. (Bonnette Decl., ¶ 9.) United States Probation and Pretrial Services notified INS of the criminal charges pending against Petitioner on January 7, 2003. (Bonnette Decl., ¶ 10.)

On May 27, 2004, Petitioner pled guilty to committing mail fraud in violation of 18

---

[3]The administrative record is attached to the Korzak Declaration as Exhibit A.

U.S.C. § 1341.  (A.R. 38-54.)  He was sentenced to a 3-month term of imprisonment on September 24, 2004.  (A.R. 39.)  Based on this criminal conviction, removal proceedings were initiated against Petitioner.  (A.R. 3-7.)

On December 17, 2004, ICE served Petitioner with a Notice to Appear.  (A.R. 3-7.)  Therein, Petitioner was charged as removable from the United States based on his conviction for an aggravated felony (the mail fraud conviction) pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).  (A.R. 5.)

On June 1, 2005, Petitioner filed an Application for Certificate of Citizenship (N-600), claiming derivative citizenship through his grandfather.  (Bonnette Decl., ¶ 15.)  Petitioner's application was denied two days later, on June 3, 2005.  (Bonnette Decl., ¶ 16.)  Petitioner's appeals of this decision, including to the Second Circuit, were all denied.  (Bonnette Decl., ¶¶ 17, 20.)

On or about July 11, 2005, an Immigration Judge ordered Petitioner removed from the United States to Hong Kong based on the charges in the Notice to Appear.  (A.R. 1.)  Petitioner did not file an appeal of the Immigration Judge's decision within the allotted 30-day time period for appeals.  (Korzak Decl., ¶ 12.)  Consequently, the Immigration Judge's July 11, 2005 Order of Removal is the final order of removal in this case.  See 8 C.F.R. § 241.1; 8 C.F.R. § 1241.1(c).

### III.  DISCUSSION

As noted, all that remains is Petitioner's claim that the INS improperly delayed adjudication of his N-400 Application for Naturalization.  Presumably, Petitioner believes that he would have avoided removal from the United States if the INS had immediately acted upon (and granted) his application.

An applicant for naturalization must demonstrate, among other things, that he or she is a person of good moral character and has been so during the five years immediately preceding the filing date of his or her application.  See 8 U.S.C. § 1427.  A person convicted of an aggravated felony, which includes "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," shall be found to *lack* good moral character.  See 8 U.S.C. § 1101 (f)(8); 8 C.F.R. § 316.10 (b)(1)(ii); 8 U.S.C. § 1101 (a)(43)(M)(I).

The INS received Plaintiff's N-400 Application for Naturalization on January 4, 2003. (Bonnette Decl., ¶ 9.)  Three days later, the United States Probation and Pretrial Services faxed the INS documentation (the complaint and supporting affidavit) that Petitioner was the subject of a pending felony criminal complaint charging him with mail fraud in violation of 18 U.S.C. § 1341.  (Bonnette Decl., ¶ 10.)  The supporting affidavit indicated that Petitioner admitted engaging in the criminal conduct during an interview with law enforcement on August 29, 2002.  (Bonnette Decl., Exhibit A, p. 33.)

Because a conviction for an aggravated felony on or after November 29, 1990, is a permanent bar to naturalization, see 8 U.S.C. § 1101 (f)(8), the INS postponed disposition of Petitioner's application.  This was in keeping with the agency's practice of either postponing action until disposition of the charges or denying the application outright on the basis that an applicant charged with an aggravated felony cannot establish the required good moral character. (Bonnette Decl., ¶ 21.) Here, Petitioner actually received the benefit of postponement, rather than outright denial of his application.  In any event, once Petitioner was convicted of mail fraud on May 27, 2004, he became permanently precluded from establishing good moral character for purposes of naturalization because

his mail fraud involved loss to victims that exceeded $10,000.[4]  8 U.S.C. § 1101 (a)(43)(M)(I).[5]  Consequently, there is no merit to Petitioner's claim that the INS unreasonably or improperly delayed adjudicating his N-400 Application for Naturalization.

## IV.  CONCLUSION

For the reasons stated above, Petitioner's remaining claim is dismissed and his Petition is denied in its entirety.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is DISMISSED.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.


Dated: September 30, 2011
       Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              Chief Judge
                                              United States District Court

---

[4] See United States v. Tam, 04-CR-109S, Docket No. 20.

[5] The INS also became statutorily barred from considering Petitioner's application on December 23, 2004, when he was placed into removal proceedings after a warrant issued for his arrest.  See 8 U.S.C. § 1429; Bonnette Decl., ¶¶ 13, 14, Exhibit A, pg. 1.